## No. 18,417.

Eva Lee Igo, et al *v.* H. Monroe Marshall, proponent
of the Last Will and Testament of Blanche Harrison,
Deceased.
(345 P. [2d] 724)

Decided November 2, 1959.

Mr. Fred J. Pferdesteller, Mr. Fred W. Vondy, for
plaintiffs in error.

Mr. Bernard E. Engler, for defendant in error.

*En Banc.*

Mr. Chief Justice Knauss delivered the opinion of
the Court.

PLAINTIFFS in error, hereinafter referred to as caveators, are here on writ of error from a judgment and order admitting to probate and record the last will and testament of Blanche Harrison, deceased, offered for probate by H. Monroe Marshall, defendant in error, herein referred to as proponent.

The will admitted to probate and record in the county and district courts, was dated September 30, 1955, and named proponent as executor thereof. The wife of proponent was named as sole devisee and legatee therein. The caveat was predicated on two grounds, (1) that testatrix was not of sound and disposing mind and memory at the time the will was executed, and (2) that the will was procured by the undue influence of proponent and his wife, Dorothy R. Marshall.

Issue was joined on the caveat, trial had to a jury in the district court, which resulted in a verdict finding that the instrument offered for probate was the last will and testament of Blanche Harrison, deceased. From the judgment and order admitting the will to probate and record, caveators seek reversal.

As grounds for reversal caveators assert that the facts surrounding the execution of the purported last will and testament gave rise to a presumption of undue influence and there being no evidence to rebut this presumption the trial court should have directed a verdict in favor of caveators.

Mrs. Blanche Harrison, hereinafter referred to as testatrix, was advanced in years and in poor health. She was in a Denver hospital and on August 15, 1955, one of the attesting witnesses, Barkley Clanahan, an attorney-at-law, was contacted by proponent through the trust department of the United States National Bank and on that day visited the testatrix. On August 30, 1955, in the Denver county court, the testatrix was adjudicated a mental incompetent by reason "of old age, disease, weakness of mind" and declared to be unable unassisted to properly manage and take care of herself or her prop-

erty. Mrs. Marshall was later appointed conservatrix of the estate of testatrix.

Mr. Clanahan next saw testatrix about September 6, 1955, at her home at which time he discussed with her the matter of who should act as her conservatrix. On the same occasion testatrix discussed with Mr. Clanahan her desire to deed her property to Mrs. Marshall. Upon inquiry by Mr. Clanahan as to whether she had discussed this matter with anyone, testatrix stated that she had "discussed it with several neighbors." Mr. Clanahan did not undertake to draw a deed and in the same conversation testatrix requested him to draft a will for her. On the recommendation of Mr. Clanahan the will was not drawn at that time.

A few days prior to September 27, 1955, proponent telephoned Mr. Clanahan stating that testatrix desired to talk to him and a conference was had between the attorney and testatrix at her home. On this date a discussion of the nature and extent of her property was had, and testatrix listed for the attorney the names of all her relatives and disclosed her testamentary desires.

Thereafter Mr. Clanahan drafted the will and on September 30, 1955, again called on testatrix accompanied by her family doctor, Robert G. Bosworth, who had been caring for testatrix. No other persons were present when the will was executed and Dr. Bosworth tested the mental capacity of testatrix, and otherwise examined her for a considerable time. Thereupon the will prepared by Mr. Clanahan was read to testatrix, and Dr. Bosworth and Mr. Clanahan, at the request of testatrix subscribed the will as witnesses after she declared the same to be her last will and testament. Each of these witnesses testified that the testatrix was of sound and disposing mind and memory at the time of the execution of the will.

It appears from the record that Mrs. Marshall, a niece of testatrix, came to Denver to care for testatrix and after her release from the hospital in August, 1955, Mrs.

Marshall and her husband lived in the same house with testatrix.

The only witnesses to testify were the subscribing witnesses to the will. At the conclusion of their testimony counsel for caveators moved for a directed verdict in favor of their clients on the ground that a confidential relationship had been established and that a presumption of undue influence arose because of the facts above enumerated. This motion was overruled and the case submitted to the jury, under instructions which are not here challenged in any particular. In fact, counsel for caveators expressly state "Neither the giving nor refusal to give any instructions is relied upon for reversal." They also state: "No rulings on the admissibility of evidence are relied on for reversal."

The trial court properly instructed the jury regarding any confidential relationship existing between testatrix and the devisees and legatees in the will, and any presumptions which arise from such circumstances.

■ The difficulty under which counsel for caveators labor is founded on their erroneous contention that the presumption of undue influence in such circumstances is virtually irrebuttable. We have repeatedly held that such presumption may be overcome by evidence. Such was the case here. Caveators rely on the case of *Gehm v. Brown,* 125 Colo. 555, 245 P. (2d) 865. The facts there were entirely different from the situation disclosed by the record in the instant action. Here the will was read to the testatrix, declared by her in the presence of witnesses whose testimony is not challenged, and was subscribed by the attesting witnesses. No other persons were present when the will was read to and executed by the testatrix and full explanation of everything that transpired was made to the satisfaction of the jury acting under proper instructions.

Caveators are sisters of Mrs. Marshall. They had a fair trial in two courts and in each instance the will was

adjudged to be the last will and testament of testátrix and admitted to probate.

■ Under the 'oft repeated rule that where there is ample material and competent evidence in the record to sustain the verdict and judgment, this court will not disturb such judgment, unless manifest errors of law appear in the instructions given or refused.

The judgment is affirmed.